1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 RENEE WALKER, | Case No.:  3:19-cv-723-L-BGS |
| 12          Plaintiff, | **CLASS ACTION** |
| 13 v. | |
| 14 NESTLE USA, INC., | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| 15          Defendant. | |
| 16 | **[ECF No. 32]** |

17     Pending before the Court in this putative consumer class action alleging deceptive

18 product labeling is Defendant's motion to dismiss for failure to state a claim.  (ECF no.

19 32).  Plaintiff filed an opposition, and Defendant replied.  (ECF nos. 40 ("Opp'n"), 41.)

20 The Court decides the motion on the briefs without oral argument.  *See* Civ. L. R.

21 7.1(d)(1).  For the reasons stated below, Defendant's motion is granted with leave to

22 amend.

23 **I.**     **BACKGROUND**

24     According to the operative complaint, Defendant is the world's largest food

25 company and is best known for its chocolate products.  It purchases approximately

26 414,000 tons of cocoa annually.  Plaintiff claims that the statements on Defendant's

27 chocolate product labels are deceptive because they falsely lead consumers to believe that

28 the products were produced in accordance with environmentally and socially responsible

1  standards, when they were not.  (ECF no. 15 ("FAC") at 3.)[1]  This includes references to

2  the "Nestle Cocoa Plan," "UTZ Certified" and "Sustainably Sourced," and

3  representations that Defendant "Support[s] farmers" and "help[s] improve the lives of

4  []cocoa farmers."  (*Id.* at 4, 6.)  Plaintiff alleges she purchased Defendant's chocolate

5  products in reliance on the social and environmental benefits prominently featured on the

6  packaging and would not have purchased the products had she known the representations

7  were false.  (*Id.* at 3-4.)  According to Plaintiff, the labels are deceptive because

8  Defendant sources its cocoa from West African plantations which rely on child labor and

9  child slave labor, contribute to deforestation, and use other practices harmful to the

10  environment.  (*Id.* at  2, 4-5, 7-16.)

11      Plaintiff alleges violations of the California Consumer Legal Remedies Act, Cal.

12  Civ. Code § 1750 *et seq.* ("CLRA"), and the Unfair Competition Law, Cal. Bus. & Prof.

13  Code §§ 17200, *et seq.* ("UCL"), on her own behalf as well as on behalf of a putative

14  nationwide class.  She seeks damages, restitution, disgorgement of profits, and injunctive

15  relief.  The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

16  1332(d).  Defendant moves for dismissal for failure to state a claim pursuant to Federal

17  Rule of Civil Procedure 12(b)(6).

18  ## II.   DISCUSSION

19      A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v.*

20  *Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2]  Dismissal is warranted where the complaint

21  lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d

22  1035, 1041 (9th Cir. 2010).  Alternatively, a complaint may be dismissed where it

23  / / /

24  _____

25

26  [1]      All page citations in this Order refer to those generated by the Court's CM/ECF system.

27

28  [2]      Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted.

1   presents a cognizable legal theory yet fails to plead essential facts under that theory.

2   *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

3        In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual

4   allegations and construe them most favorably to the nonmoving party.  *Huynh v. Chase*

5   *Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006).  However, legal

6   conclusions need not be taken as true merely because they are couched as factual

7   allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly,

8   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

9   motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

10       Generally, a plaintiff must allege only "a short and plain statement of the claim

11  showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2); *see also Bell*

12  *Atl. Corp.,* 550 U.S. at 555.  However, Rule 9(b) requires that "[i]n alleging fraud . . . a

13  party must state with particularity the circumstances constituting fraud . . ..  Malice,

14  intent, knowledge, and other conditions of a person's mind may be alleged generally."

15  "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily

16  constitute fraud (even if the word 'fraud' is not used.)"  *Vess v. Ciba-Geigy, Corp. USA,*

17  317 F.3d 1097, 1105 (9th Cir. 2003).  "Where fraud is not an essential element of a claim,

18  only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s

19  heightened standard."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

20  "To the extent a party does not aver fraud, the party's allegations need only satisfy

21  requirements of Rule 8(a)(2)."  *Kearns*, 567 F.3d at 1124.

22       Defendant moves to dismiss the complaint for failure to allege Plaintiff's claims

23  with the specificity required by Rule 9(b).  The rule applies to Plaintiff's consumer

24  protection claims because they are grounded in fraud.  *See Kearns*, 567 F.3d at 1125,

25  1127 (applying Rule 9(b) to UCL and CLRA claims).  Plaintiff's claims are premised on

26  Defendant's alleged deceptive labeling of chocolate products.  (*See* FAC at 29 (violations

27  of Cal. Civ. Code § 1770(a)(5), (7), (9) (together "CLRA Violations")); *id.* at 31 (UCL

28  violations based on CLRA Violations and violation of Cal. Bus. & Prof. Code § 17580.5

(prohibiting deceptive environmental marketing claims)); *id.* at 33 (fraudulent business practices in violation of UCL); *id.* at 34 (unfair business practice by fraudulent marketing in violation of UCL).)  Accordingly, Plaintiff's claims are "grounded in fraud."  *See* Kearns, 567 F.3d at 1125.  Rule 9(b) therefore applies to Plaintiff's pleading as a whole.  *See id.*  Plaintiff does not dispute this.  (*See* Opp'n at 11-14.)

Under Rule 9(b), fraud allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess,* 317 F.3d at 1106.  Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged."  *Id.*  In this regard, a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction."  *Kearns*, 567 F.3d at 1124 (emphasis in orig.).

Defendant claims that Plaintiff has not alleged which products she purchased and when, what label statements she saw, and why she relied on them.  In *Kearns*, the plaintiff alleged Ford Motor Company "knowingly misrepresent[ed] to the public that [the certified pre-owned] vehicles [were] safer and more reliable, with an intent to induce reliance and defraud consumers."  *Kearns*, 567 F.3d at 1127.  However, he did not allege

> what the television advertisements or other sales material specifically stated. Nor did Kearns specify when he was exposed to them or which ones he found material.  Kearns also failed to specify which sales material he relied upon in making his [purchasing] decision . . ..  Kearns [alleged] that he was specifically told '[the] vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty.'  Kearns [did] not, however, specify who made this statement or when this statement was made.  Kearns failed to articulate the who, what, when, where, and how of the misconduct alleged.

*Id*. at 1126.  Based on this analysis, the Court held that the complaint did not comply with Rule 9(b).  *Id*. at 1127-28.

Contrary to Plaintiff's protestations (*see* Opp'n at 12), the complaint does not identify the products she purchased.  Plaintiff alleged the following:

/ / /

4

1
2
3
4
5
6
7
8

> Plaintiff purchased Defendant Nestlé's chocolate products labeled with the "Nestlé Cocoa Plan" "UTZ Certified" "Certified through UTZ" and "Sustainably Sourced" labels on them purporting to, among other things, "Support[] farmers for better chocolate" and "help improve the lives of []cocoa farmers." Plaintiff relied upon Nestlé's misrepresentations about the social and environmental benefits of the products in making her decision to purchase the products. Plaintiff suffered injury in that she would not have bought the UTZ/Nestlé Cocoa Plan/Sustainability-labeled products had she known that the products were not sourced from sustainable farming practices but rather off the backs of child and slave labor.

9
10
11
12
13
14
15
16
17
18

(FAC at 4.) Plaintiff also provided four photographs of product packages bearing these labels. (*Id.* at 7.) However, nowhere in the operative complaint does Plaintiff identify the product she purchased. She does not allege that she purchased any of the products shown in the photographs. Without this information it is impossible to infer what was stated on the labels of the products she purchased, and how the statements were presented on the labels. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304-05 (2011) (context of the challenged statement is important); *see also Williams v. Gerber,* 552 F.3d 934, 939 & n.3 (9th Cir. 2008). Plaintiff's allegations are too general to identify the transaction at issue, *a fortiori*, they are insufficient to meet the heightened pleading standard under Rule 9(b).

19
20
21
22

Plaintiff requests leave to amend. (Opp'n at 12, 14, 25.) Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

23
24
25
26
27

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

28

/ / /

5

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because Plaintiff may be able to identify the products she purchased, and when and where she purchased them, leave to amend is granted.

## III.   **CONCLUSION**

Defendant's motion to dismiss is granted with leave to amend.  Plaintiff shall file an amended complaint, if any, no later than April 19, 2021.  Defendant shall file a response to the amended complaint, if any, no later than the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  March 30, 2021

Hon. M. James Lorenz
United States District Judge

3:19-cv-723-L-BGS