UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE WALKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NESTLE USA, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-723-L-DEB<br><br>**CLASS ACTION**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 45]** |

Pending before the Court in this putative consumer class action alleging deceptive product labeling is Defendant's motion to dismiss for failure to state a claim. (ECF no. 45). Plaintiff filed an opposition, and Defendant replied. (ECF Nos. 48 ("Opp'n"), 49 ("Reply").) The Court decides the motion on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendant's motion is denied.

**I.　BACKGROUND**

According to the operative complaint (ECF No. 44, Second Am. Class Action Compl. ("Compl.")), Defendant is the world's largest food company and is best known for its chocolate products. It purchases approximately 414,000 tons of cocoa annually.

Plaintiff regularly purchased Defendant's products such as semi-sweet morsels, mini morsels, and hot cocoa mix. Plaintiff claims the statements on product labels are deceptive because they falsely lead consumers to believe that the products were produced

in accordance with environmentally and socially responsible standards.  This includes references to the "NESTLÉ® Cocoa Plan," "UTZ," sustainable sourcing, and representations that Defendant supports cocoa farmers or helps improve their lives.  Defendant's hot cocoa package shown in the Complaint states that the cocoa beans are "sustainably sourced."  (Compl. ¶ 19.)  The morsels package also states "Sustainably Sourced Through" immediately over the "NESTLÉ® Cocoa Plan" seal, and adds immediately below the seal "Certified Through UTZ."  (*Id.*)  The hot cocoa and morsels packages each also separately display a "NESTLÉ® Cocoa Plan" seal with a statement, "Supporting farmers for better chocolate.  The NESTLÉ® Cocoa Plan works with UTZ to help improve the lives of cocoa farmers and the quality of their products."  (*Id.*)

According to Plaintiff, the labels are deceptive because Defendant sources its cocoa from West African plantations which rely on child labor and child slave labor, contribute to deforestation, and use other practices harmful to the environment.  Plaintiff also claims that, according to Defendant's own statements, the child labor conditions have worsened rather than improved since the inception of the  "NESTLÉ® Cocoa Plan."

Plaintiff claims she purchased Defendant's chocolate products in reliance on the social and environmental benefits prominently featured on the packaging and would not have purchased them had she known the representations were false.  She alleges violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), on her own behalf as well as on behalf of a putative nationwide class.  She seeks damages, restitution, disgorgement of profits, and injunctive relief.  The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Defendant moves for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).
/ / /

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1] Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Generally, a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp.,* 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp.,* 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp*., 139 F.3d 696, 699 (9th Cir. 1998).

Defendant moves to dismiss the Complaint arguing that as a matter of law its labeling is not deceptive. Alternatively, Defendant argues that Plaintiff lacks standing under Article III of the United States Constitution to state a claim on behalf of the class based on statements made on products she did not purchase. As a federal court sitting in diversity over Plaintiff's California state law claims, the Court applies substantive law of California, as interpreted by the California Supreme Court. *Moore v. Mars Petcare US, Inc.,* 966 F.3d 1007, 1016 (9th Cir. 2020).

---

[1] Unless otherwise noted, internal quotation marks, citations, ellipses, brackets, and footnotes are omitted.

### A. Whether Defendant's Statements Were Deceptive

The California consumer protection laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 951 (2002). Whether a business practice is deceptive or misleading under the CLRA or UCL is governed by the reasonable consumer test. *Moore,* 966 F.3d at 1017 (applying Cal. law). In this regard, a plaintiff

> must show that members of the public are likely to be deceived. This requires more than a mere possibility that [the defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

*Id.*

Although "the primary evidence in a false advertising case is the advertising itself[,]" *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003), "whether a business practice is deceptive will usually be a question of fact not appropriate for decision at the pleading stage." *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938-39 (2008); *Comm'te on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 211-15 (1983), *superseded by statute on other grounds, see Branick v. Downey Sav. & Loan Ass'n.*, 39 Cal.4th 235 (2006); *Linear Technol. Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 134-35 (2007).

Plaintiff claims the statements, read in context, are deceptive because they suggest that the cocoa in Defendant's products was sourced in a way that supports and helps improve the lives of farmers, when in fact the opposite is true. Plaintiff alleges Defendant knew that incidence of child labor *increased* since the inception of the "NESTLÉ® Cocoa Plan." (Compl. ¶ 13 (citing Defendant's website).)

Defendant requests the Court to consider its website content as it relates to the "NESTLÉ® Cocoa Plan" and the efforts to support and help improve the lives of cocoa

farmers. (ECF No. 45-1 ("Mot.") at 11; ECF 45-4 (Def's Ex. A).) On a Rule 12(b)(6) motion courts generally may not consider material outside the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). An exception to this rule is consideration of materials which are incorporated by reference into the complaint. *Id.* A document referenced in the complaint is considered incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002. Here, a chart from Defendant's Exhibit A is included in the Complaint. (Compl. ¶ 13.) In their briefing on the pending motion, both parties refer to the exhibit and Plaintiff does not object to its consideration. (*See* Opp'n at 2.)

Although Exhibit A explains that the aspiration of the "Nestlé Cocoa Plan [is] to make cocoa farming more sustainable [and] improve the lives of farmers[,]" the chart shows that from 2017 to 2019 the number of children working on cocoa farms has nearly doubled. (Def.'s Ex. A at 3, 6.) The statements on Defendant's products that the cocoa is "sustainably sourced" based on the "NESTLÉ® Cocoa Plan," which is said to "help improve" the lives of farmers and "support" them, are at odds with the fact that the child labor problem the Nestlé Cocoa Plan is said to address has grown more, and not less, severe. The addition of the UTZ certification enhances the advertising statements by suggesting they are true because they were approved by a third party.

In light of the foregoing, Plaintiff has plausibly alleged that the challenged statements were deceptive. To the extent Defendant seeks to dismiss the Complaint in its entirety, its motion is denied.

### B. Standing

Alternatively, Defendant argues that Plaintiff lacks Article III standing to assert claims on behalf of the putative class members for the types of products she did not purchase. The issue arises from Plaintiff's class definition, which includes "[a]ll United States residents who purchased Nestle Products marked with the 'Nestle Cocoa Plan,' 'UTZ' seals, 'sustainably sourced,' or 'improv[ing] the lives of farmers' within the United States" during the class period. (Compl. ¶ 94 (brackets in original).) The

definition does not limit the class to the hot cocoa mix and morsel type products which Plaintiff purchased.  (*Cf. id.* ¶ 8.)

There is no doubt, and Defendant does not contend otherwise, that Plaintiff has Article III standing for the consumer protection claims she alleges and the relief she requests.  Standing is required to establish a case or controversy under Article III.  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 n.6 (9th Cir. 2002).  Under this requirement, federal courts must "satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [*her*] invocation of federal-court jurisdiction."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis in original).  Three elements constitute the "irreducible constitutional minimum" of standing:

> First, the plaintiff must have suffered an "injury in fact" . . ..  Second, there must be a causal connection between the injury and the conduct complained of . . ..  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff alleges she purchased Defendant's hot cocoa mix and morsels products, in reliance on the statements on product packaging, and wound not have purchased the products has she known that the statements were false.  (Compl. ¶ 8.)  Plaintiff also alleged that she would like to purchase the products in the future "if and when they [are] produced as advertised[, but] can no longer rely on the accuracy of the representations . . . in deciding whether to purchase these products, and . . . cannot readily determine whether the misrepresentations have been corrected."  (*Id.* ¶ 9.)

Based on the foregoing, Plaintiff has alleged sufficient facts in support of Article III standing.  This is all Plaintiff has to do to allege standing as a putative class representative.  *See Briseno v. Conagra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) ("Class representatives must establish standing by, for example, showing that they bought the product . . . at issue.").  "In a class action, standing is satisfied if at least one named

plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

Although presented as an argument challenging Plaintiff's Article III standing (*see* Mot. at 20-22; Reply at 10), Defendant's objection is with the alleged class definition, which potentially sweeps in Defendant's products of the type Plaintiff did not purchase, but which bear at least some of the same statements. This issue is more properly addressed at the class certification stage. *See Briseno,* 844 F.3d at 1131; *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012).

### III.  CONCLUSION

Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: March 28, 2022

_____
Hon. M. James Lorenz
United States District Judge