| | |
|---|---|
| 1 | THEODORE J. BOUTROUS, JR., SBN 132099 |
| | tboutrous@gibsondunn.com |
| 2 | CHRISTOPHER CHORBA, SBN 216692 |
| | cchorba@gibsondunn.com |
| 3 | PERLETTE JURA, SBN 242332 |
| | pjura@gibsondunn.com |
| 4 | TIMOTHY W. LOOSE, SBN 241037 |
| | tloose@gibsondunn.com |
| 5 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| 6 | Los Angeles, CA 90071 |
| | Telephone:  213.229.7000 |
| 7 | Facsimile:  213.229.7520 |

*Counsel for Defendant Nestlé USA, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE WALKER, individually and on behalf of all others similarly situated, | CASE NO. 3:19-cv-00723-L-DEB |
| Plaintiff, | |
| v. | **NESTLÉ USA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| NESTLÉ USA, INC., a Delaware Corporation; and DOES 1 TO 100, | |
| Defendants. | |

Nestlé USA, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Second Amended Class Action Complaint (the "Complaint") filed by Plaintiff Renee Walker as follows:

Defendant Nestlé USA, Inc. submits this answer for itself only, and does not purport to answer for any other entity or company, including but not limited to any entity which may be affiliated with Defendant.

Defendant denies any and all liability under California's Unfair Competition Law and Consumer Legal Remedies Act.  For ease of reference only, the capitalized terms used herein shall be used in the same manner as they are in the Complaint. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts.  In addition, Defendant denies any averments in the headings, subheadings, and, unless otherwise noted, footnotes of the Complaint.  Defendant denies that Plaintiff or any putative class is entitled to the relief requested or any other relief.

## AS TO "NATURE OF THE CASE"

1. Defendant denies the allegations contained in Paragraph 1.  While the Swiss company Nestlé SA may be the world's largest food company, Defendant Nestlé USA, Inc. is not.

2. Defendant denies the allegations contained in the first, second and third sentences of Paragraph 2. Sentences 4, 5 and 6 of Paragraph 2 purport to characterize documents which speak for themselves, and therefore no response is required.  To the extent any response is required, Defendant denies the allegations contained in sentences 4 to 6 of Paragraph 2, except to the extent they partially quote the subject document.

3. Defendant denies the allegations contained in Paragraph 3.

4. This introduction is Plaintiff's characterization of this action, which is a legal proposition to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 4 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

## AS TO "JURISDICTION AND VENUE"

5. Paragraph 5 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

6. Paragraph 6 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

7. Paragraph 7 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, to venue or otherwise, that may arise from the facts and evidence in this case.

## AS TO "PARTIES"

8. Defendant denies the allegations in the third and the last sentences of Paragraph 8. Defendant lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 8 and therefore denies them on that basis.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant admits that it is a Delaware corporation with its principal place of business at 1812 North Moore Street in Rosslyn, Virginia 22209. Defendant denies the allegations contained in the second sentence of Paragraph 10. The third and fourth sentences of Paragraph 10 purport to characterize documents, which speak for themselves, and therefore no response is required. Defendant denies the last sentence of Paragraph 10. Except as expressly admitted, Defendant otherwise denies the remaining allegations contained in Paragraph 10.

## AS TO "FACTUAL ALLEGATIONS"

11. Defendant denies the allegations contained in the first and third sentences of Paragraph 11. The second and fourth sentences of Paragraph 11 purport to characterize documents, which speak for themselves, and therefore no response is required. To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegation contained in Paragraph 13.

14. Paragraph 14 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 14.

15. Paragraph 15 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 15.

16. Paragraph 16 purports to characterize a document, which speaks for itself, and therefore no response is required.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant admits that certain products have displayed the Nestle Cocoa Plan logo. The second and third sentences of Paragraph 18 purport to characterize documents, which speaks for themselves and therefore no response is required, except that Defendant admits that certain products were certified by UTZ, an independent, third-party certification organization, and have displayed the UTZ logo. Defendant denies the last sentence of Paragraph 18. Except as expressly admitted, Defendant otherwise denies the remaining allegations contained in Paragraph 18.

19. Paragraph 19 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 19, except admits that certain products have displayed the Nestlé Cocoa Plan logo and the UTZ logo.

ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT   CASE NO. 19cv723

20. Paragraph 20 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 20, except admits that certain products have displayed the Nestlé Cocoa Plan logo and the UTZ logo.

21. Paragraph 21 purports to characterize a document, which speaks for itself, and asserts legal conclusions, to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 21.

22. Paragraph 22 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 22.

23. Paragraph 23 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 23, except to the extent it quotes the subject document.

24. Defendant denies the allegations contained in the first and second sentences of Paragraph 24. The third and fourth sentences of Paragraph 24 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in the second sentence of Paragraph 27. The remainder of Paragraph 27 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the remaining allegations contained in Paragraph 27.

28. Paragraph 28 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required,

Defendant denies the allegations contained in Paragraph 28, except to the extent it partially quotes the subject document.

29.   The second sentence of Paragraph 29 purports to characterize a document, which speaks for itself, and therefore no response is required.  Defendant denies the remaining allegations contained in Paragraph 29.

30.   The second sentence of Paragraph 30 purports to characterize a document, which speaks for itself, and therefore no response is required.  Defendant denies the remaining allegations contained in Paragraph 30.

31.   Defendant denies the allegations contained in Paragraph 31.

32.   Defendant denies the allegations contained in Paragraph 32.

33.   Defendant denies the allegations contained in Paragraph 33.

34.   Defendant denies the allegations contained in Paragraph 34.

35.   Defendant denies the allegations contained in Paragraph 35, except to the extent that they quote a document.

36.   Defendant denies the allegations contained in Paragraph 36.

37.   Paragraph 37 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 37.

38.   Defendant denies the allegations contained in the first, second and fifth sentences of Paragraph 38.  The third and fourth sentences of Paragraph 38 purport to characterize documents, which speak for themselves, and therefore no response is required.  To the extent any response is required, Defendant denies the allegations contained in the third and fourth sentences of Paragraph 38.

39.   Paragraph 39 purports to characterize a document, which speaks for itself, and therefore no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 39.

40. Paragraph 40 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Paragraph 42 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. In response to the last sentence of Paragraph 44, Defendant admits that certain products have referred to information about UTZ certification. Defendant denies the allegations contained in the first sentence of Paragraph 44. The second, third and fourth sentences of Paragraph 44 purport to characterize documents, which speak for themselves, and therefore no response is required. Except as expressly admitted, Defendant otherwise denies the remaining allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in the first sentence of Paragraph 45. The remainder of Paragraph 45 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in the first and second sentences of Paragraph 48. The third sentence of Paragraph 48 purports to characterize a document, which speaks for itself, and therefore no response is required. Except as expressly admitted, Defendant otherwise denies the remaining allegations contained in Paragraph 48.

49. Paragraph 49 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 49.

50. Paragraph 50 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegation contained in the last sentence of Paragraph 51. Defendant otherwise lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 51 and therefore denies them on that basis.

52. The first sentence of Paragraph 52 purports to characterize a document, which speaks for itself, and therefore no response is required. Defendant denies the allegation contained in the second sentence of Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegation contained in Paragraph 54.

55. Defendant denies the allegation contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegation contained in the first sentence of Paragraph 57. The second and third sentences of Paragraph 57 purport to characterize a document, which speaks for itself, and therefore no response is required.

58. Defendant denies the allegations contained in the first sentence of Paragraph 58. The remainder of Paragraph 58 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 58.

59. Paragraph 59 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

## AS TO "THE REGULATORY FRAMEWORK"

60. Paragraph 60, in its entirety, asserts legal conclusions to which no responses are required.

61. Paragraph 61, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies any allegations contained in Paragraph 61.

62. Paragraph 62, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 62.

63. Paragraph 63, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 63.

64. Paragraph 64, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 64.

65. Paragraph 65, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 65.

66. Paragraph 66, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 66.

67. Paragraph 67 purports to characterize documents, which speak for themselves, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 67.

68. Paragraph 68, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Paragraph 71, in its entirety, asserts legal conclusions to which no responses are required.

72. Paragraph 72, in its entirety, asserts legal conclusions to which no responses are required.

73. Defendant denies the allegations contained in Paragraph 73.

74. Paragraph 74, in its entirety, asserts legal conclusions to which no responses are required.

75. Paragraph 75 purports to characterize a document, which speaks for itself, and therefore no response is required.

76. Paragraph 76 purports to characterize a document, which speaks for itself, and therefore no response is required.

77. The first sentence of Paragraph 77 purports to characterize a document, which speaks for itself, and therefore no response is required. Defendant denies the allegations contained in the second sentence of Paragraph 77.

78. The first and second sentences of Paragraph 78 purport to characterize a document, which speaks for itself, and therefore no response is required. Defendant denies the remaining allegations contained in Paragraph 78.

79. The third sentence of Paragraph 79 purports to characterize a document, which speaks for itself, and therefore no response is required. Defendant denies the remaining allegations contained in Paragraph 79.

80. Defendant lacks information sufficient to admit or deny the allegation regarding what Plaintiff read that is contained in Paragraph 80 and therefore denies it on that basis. Defendant otherwise denies the remaining allegations contained in Paragraph 80.

81. The first sentence of Paragraph 81 asserts legal conclusions to which no responses are required. Defendant denies the second sentence of Paragraph 81 except to the extent that it quotes a document.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Paragraph 85 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant admits that certain of its products have referred to information about the Nestlé Cocoa Plan and UTZ certification. Except as expressly admitted, Defendant otherwise denies the remaining allegations contained in Paragraph 87.

88. The third, fourth and fifth sentences of Paragraph 88 purport to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in the third, fourth and fifth sentences of Paragraph 88. Defendant denies the remaining allegations contained in Paragraph 88.

89. Paragraph 89 purports to characterize a document, which speaks for itself, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 89.

90. The first and second sentences of Paragraph 90 purport to characterize documents, which speak for themselves, and therefore no response is required. To the extent any response is required, Defendant denies the allegations contained in the first and second sentences of Paragraph 90. Defendant denies the remaining allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

**AS TO "CLASS ACTION ALLEGATIONS"**

94. Defendant denies the allegations contained in Paragraph 94, and further denies that there should be any class.

95. Defendant denies the allegations contained in Paragraph 95, and further denies that there should be any class.

96. Defendant denies the allegations contained in Paragraph 96, and further denies that there should be any class.

97. Defendant denies the allegations contained in Paragraph 97, and further denies that there should be any class.

98. Defendant denies the allegations contained in Paragraph 98, and further denies that there should be any class.

99. Defendant denies the allegations contained in Paragraph 99, and further denies that there should be any class.

100. Defendant denies the allegations contained in Paragraph 100, and further denies that there should be any class.

101. Defendant denies the allegations contained in Paragraph 101, and further denies that there should be any class.

102. Defendant denies the allegations contained in Paragraph 102, and further denies that there should be any class.

103. Defendant denies the allegations contained in Paragraph 103, and further denies that there should be any class.

**AS TO "COUNT I"**

104. Defendant incorporates by reference its above responses to Paragraphs 1-103 of the Complaint.

105. Paragraph 105, in its entirety, asserts legal conclusions to which no responses are required.

106. Paragraph 106, in its entirety, asserts legal conclusions to which no responses are required.

107. Paragraph 107, in its entirety, asserts legal conclusions to which no responses are required.

108. Defendant denies the allegations contained in Paragraph 108.

109. Defendant denies the allegation contained in Paragraph 109.

110. Defendant denies the allegation contained in Paragraph 110.

111. Defendant denies any allegations contained in Paragraph 111 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

112. Defendant denies any allegations contained in Paragraph 112 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

113. Defendant denies any allegations contained in Paragraph 113 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

114. Defendant denies the allegation contained in Paragraph 114.

115. Defendant denies the allegations contained in Paragraph 115.

116. In response to the first and second sentences of Paragraph 116, Defendant admits that Plaintiff sent a letter to Defendant, which speaks for itself, and therefore no other response is required. Defendant denies the allegation contained in the third sentence of Paragraph 116.

## AS TO "COUNT II"

117. Defendant incorporates by reference its above responses to Paragraphs 1-116 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118.

119. Defendant denies the allegations contained in Paragraph 119.

120. Defendant denies the allegations contained in Paragraph 120.

121. Defendant denies the allegations contained in Paragraph 121.

122. Defendant denies the allegations contained in Paragraph 122 except to the extent that it quotes the FTC Green Guides.

123. Defendant denies the allegations contained in Paragraph 123 except to the extent that it quotes the FTC Green Guides.

124. Defendant denies the second sentence of Paragraph 124. The remainder of the Paragraph asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in the remainder of Paragraph 124.

125. Defendant denies the first sentence of Paragraph 125. The second sentence of Paragraph 125 asserts a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in the second sentence of Paragraph 125.

126. Defendant denies any allegations contained in Paragraph 126 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

127. Defendant denies the allegations contained in Paragraph 127.

128. Defendant denies the allegations contained in Paragraph 128.

129. Defendant denies the allegations contained in Paragraph 129.

130. Defendant denies the allegations contained in Paragraph 130.

131. Paragraph 131, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 131.

132. Paragraph 132, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 132.

133. Defendant denies the allegations contained in Paragraph 133.

134. Defendant denies the allegations contained in Paragraph 134.

135.   Defendant denies any allegations contained in Paragraph 135 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

## AS TO "PRAYER FOR RELIEF"

Defendant denies any allegations contained in the Prayer for Relief and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

## AS TO "JURY DEMAND"

Defendant demands a trial by jury for all claims so triable.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that have not been expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof or persuasion upon Plaintiff. In addition, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's position in this litigation.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

Defendant denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiff and the putative class. It is not necessary at this time for Defendant to delineate such defenses against the putative class because no class or classes have been certified, and the putative class members are not parties to this litigation.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action, fails to state a claim upon which relief can be granted.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action, is barred pursuant to the primary jurisdiction doctrine because each cause of action raises technical questions about food labels that are appropriately left to the U.S. Food and Drug Administration ("FDA").

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action, is barred because federal law (including the Federal Food, Drug, and Cosmetic Act and related FDA regulations) expressly preempts this action and because there is no private right of action to enforce the Federal Food, Drug and Cosmetic Act and the related FDA regulations.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred in whole or in part by Defendant's free speech guarantees of the First Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the analogous provisions contained in the California Constitution.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

Each of the causes of action of the Complaint, in whole or in part, is barred by the applicable statutes of limitation and statutes of repose.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff and the putative class members have not sustained any injury, economic harm, or damage as a result of any actions allegedly taken by Defendant, and are thus barred from asserting any claims against Defendant.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the damages sought by Plaintiff and the putative class members are speculative, remote, and/or impossible to ascertain.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's Complaint and each purported cause of action is barred, in whole or in part, by the doctrines of estoppel and waiver.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of laches in that Plaintiff knew, or had reason to know, of the claims alleged well before this action commenced. Notwithstanding Plaintiff's knowledge or reason to know of the foregoing, Plaintiff unreasonably delayed in bringing an action to enforce their claims. As a result, Defendant has been prejudiced in its ability to properly defend this action in that (among other things) necessary witnesses may no longer be available and documents may no longer exist.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's and the putative class members' claims for equitable relief are barred to the extent there is, or Plaintiff asserts that there is, an adequate remedy at law.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Defendant is not in privity with Plaintiff or the putative class members. Plaintiff's and the putative class members' claims for restitution under the consumer protection laws of California are barred to the extent that Plaintiff and the putative class members did not pay money directly to Defendant, and/or Plaintiff and the putative class members seek a return of monies not in Defendant's possession.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Any finding of compensatory or punitive liability under the consumer protection laws of California would violate the Due Process Clause of the Fourteenth Amendment

to the United States Constitution, and of any analogous provision contained in the California Constitution, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

As a matter of constitutional right and due process, Defendant would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the purported representatives of the putative class prevail on their claims. Trying this case as a class action would violate the United States Constitution and the Constitution of California.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members lack standing, both under Article III of the United States Constitution, and under the requirements of the statutes forming the basis of the claims asserted in this action.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

No labels for Defendant's products contain or contained any false or misleading statement or promises or promised any good not intended to be delivered. As such, the product labels are not, and were not, deceptive, false, misleading, fraudulent, unlawful, and/or unfair, and were not intended to mislead or deceive consumers.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members are precluded from recovery because the representations, actions or omissions alleged by Plaintiff were and are not material to Plaintiff's decisions to purchase or consume Defendant's products.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, any award of punitive damages is barred under California state law. An

award of punitive damages would also, if granted, violate Defendant's state and federal constitutional rights.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and the putative class members have enjoyed the full benefit of their purchase of the products that are the subject of their operative Complaint and are thereby barred from making the claims for relief set forth in their Complaint. Moreover, Plaintiff's and the putative class members' alleged damages are not restitutionary in nature and therefore not available under California's Unfair Competition Law.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

Enforcement of any purported rights Plaintiff may have against Defendant would be contrary to public policy, and therefore Plaintiff is barred from any recovery from Defendant.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members had the means of knowing the truth concerning Defendant's products, and there was no concealment or partial misrepresentation when all of the available information is viewed in context.

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's and putative class members' claims are barred by the Safe Harbor doctrine because Defendant's alleged actions, at all relevant times and places, were in compliance with applicable laws. Defendant is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

The claims of the putative class members are barred, in whole or in part, because this Court lacks jurisdiction over the claims of putative class members who are not residents of the state of California. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017).

## **PRAYER**

WHEREFORE, DEFENDANT prays for the following relief:

A. That judgment on the Complaint, and on each cause of action against Defendant, be entered in favor of Defendant;

B. That this Court finds that this suit cannot be maintained as a class action;

C. That Plaintiff and the members of the putative class take nothing by Plaintiff's Complaint;

D. That the request for injunctive relief be denied;

E. That Defendant be awarded its costs incurred, including reasonable attorney's fees; and

F. For such other and/or further relief as this Court may deem just and proper.

Dated: May 11, 2022                     Respectfully submitted,

By: /s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.

*Counsel for Defendant Nestlé USA, Inc.*