UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE FALCONE, individually and on behalf of all others similarly situated, | CASE NO. 19-CV-00723-L-DEB |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| NESTLÉ USA, INC., a Delaware Corporation; and DOES 1 TO 100, | |
| Defendant. | |

The Court recognizes that at least some of the documents and information ("materials," as defined below) being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information (including information regarding proprietary manufacturing processes, proprietary business systems, and economically sensitive information), as is contemplated by Federal Rule of Civil Procedure

26(c)(1)(G), as well as private or personally identifiable information of Plaintiff and other consumers. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

1.      The term "confidential information" means and includes information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.      The term "materials" includes, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

3.      The term "counsel" means outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff who are both assigned to this action and employed in the following law firms: (1) Gibson, Dunn & Crutcher, LLP; (2) Schonbrun Seplow Harris Hoffman & Zeldes, LLP; and (3) Reese LLP. "Counsel" also includes in-house attorneys for Defendant Nestlé USA, Inc., and any authorized third party vendor retained by the parties or their counsel to aid in the discovery process (including, for example, e-Discovery vendors and/or attorneys retained on a contract basis to aid in document review and production), who acknowledges and signs the agreement to abide

by this order, which is attached hereto as Exhibit A.

## **GENERAL RULES**

4.     Each party to, or third party that has become involved in, this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

> a.     Designation as "CONFIDENTIAL": Any producing party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel: (i) the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or (ii) the information constitutes sensitive, private, or personally identifiable information of a consumer.

> b.     Designation as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY": Any producing party may designate information as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

In making the designation discussed above, the parties shall comply with the following: Where the material is a document in electronic or hard copy form, the designation shall be made, where possible, on the face of the document; where that is not possible, the designation shall be made in a reasonable manner. Unless impossible, the designation shall be made in a manner which is the same as or similar to the manner used to associate a Bates number with the material.

5.      Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party to, or third party that has become involved in, the litigation:

a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a disclosing party may designate portions of depositions as containing confidential information after transcription of the proceedings; the disclosing party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.      All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" must not be disclosed in any form by the receiving party to anyone other than those persons designated within this

Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.    Confidential information designated "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in paragraph 3), the Court and its personnel, independent experts (including professional jury or trial consultants), and mock jurors.

8.    Confidential information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3), the Court and its personnel, independent experts (including professional jury or trial consultants), mock jurors, and the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a.    technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

    b.    stenographic and clerical employees associated with the individuals identified above; and

    c.    any person that the parties agree in writing may have access to such confidential information.

9.    Confidential information designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" may be shown to any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document.

10.    Under no circumstances may confidential information designated "CONFIDENTIAL" be disclosed to any individual who is currently an officer, director, or employee of any entity that is engaged in formulating, manufacturing, advertising, and/or sale of food or beverage products ("Competitor"). Confidential information designated "CONFIDENTIAL" also may not be disclosed under any circumstances to

any individual who is currently a consultant or agent for any Competitor in areas relating to the formulation, manufacture, advertisement, and/or sale of food or beverage products.

11.   All confidential information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.   Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13.   No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

14.   Parties seeking to file material under seal shall comply with the Local Rules of this Court and shall comply with the rules and procedures set forth in the Electronic Case Filing Administrative Policies and Procedures Manual of this Court, including but not limited to the rules and procedures set forth in Section 2.j (regarding Sealed and Juvenile Documents).

15.   An unredacted copy of any motion to seal shall be served on opposing counsel and, if applicable, on any third party that produced any confidential information

that is sought to be sealed through the motion.

16.   During the pendency of a motion to seal, a party may file public versions of briefs, documents, and confidential information that it is seeking to have sealed through the motion, which redact the confidential information that is sought to be sealed. A public version shall be titled to show that it corresponds to an item subject to a motion to seal, e.g., "Redacted Copy of Declaration of John Smith in Support of Motion for Summary Judgment."

17.   At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

18.   All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

21.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

22.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed in violation of this Order.

23.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or the Local Rules of this Court.

24.     Nothing within this Order will be construed to prevent disclosure of

confidential information if such disclosure is required by law or by order of the Court.

25.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party: (i) return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy the same at the option of the receiving party, and (ii) purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Within thirty (30) days of the final termination of this action, including any and all appeals, the receiving party must, upon request by the producing party, submit a written certification to the producing party that it has complied with the terms of this Paragraph.

26.    Upon final termination of this action, including any and all appeals, the Court shall return all confidential or sealed documents to the producing party, including any copies, excerpts, and summaries of that information, within sixty (60) days. Any action by the Court pursuant to this Paragraph must be preceded by an *ex parte* motion for an order authorizing the return of all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to the producing party.

27.    The restrictions and obligations set forth within this Order will not apply to any information or documents that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate

knowledge or possession independently of the production by the designating party.

28.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

29.     If a party is served with a subpoena, court order, or other formal judicial or regulatory request for information that compels disclosure of any confidential information (an "Outside Demand"), that party must promptly (within two business days) notify the producing party in writing. Such notification shall include a copy of the Outside Demand. The party served with an Outside Demand shall notify in writing the party who issued the Outside Demand that some or all of the material covered by the Outside Demand is subject to this Order. Such notification shall include a copy of this Order. The party receiving an Outside Demand must coordinate and reasonably cooperate with the producing party whose confidential information may be affected in responding to the Outside Demand.

30.     If a third party produces documents or testimony which contain confidential information of a party, the parties agree that this Order shall allow the relevant party to designate that confidential information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

31.     Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 4.4 of the Model Rules of Professional Conduct, an inadvertent production of privileged or otherwise protected material shall not operate as a waiver of the relevant privilege or protection in the pending case or in any other federal or state proceeding, and counsel who receive a document which counsel knows or reasonably should know was inadvertently sent shall promptly notify the sender. Furthermore, the mere production of Electronically Stored Information in the litigation as part of a mass production shall not itself constitute a waiver for any purpose.

32.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

33.  This Order may be modified by agreement of the parties, subject to approval by the Court.

34.  The Court may modify the protective order in the interest of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: April 10, 2023

Daniel E. Butcher
United States Magistrate Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIE FALCONE, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

NESTLÉ USA, INC., a Delaware
Corporation; and DOES 1 TO 100,

Defendant.

CASE NO. 3:19-cv-00723-L-DEB

**AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.     My present employer is _____ and the
address of my present employment is _____
_____.

2.     My present occupation or job description is _____.

3.     I have carefully read in its entirety and understand the provisions of the
Stipulated Protective Order in this case signed by the Court on _____, 2023.
I agree to comply with and to be bound by all provisions of the Stipulated Protective
Order, and I understand and acknowledge that failure to so comply could expose me to
sanctions and punishment in the nature of contempt. I solemnly promise that I will not
disclose in any manner any information or item that is subject to the Stipulated
Protective Order to any person or entity except in strict compliance with the provisions
of the Stipulated Protective Order.

4.     I agree to submit to the jurisdiction of this Court to resolve all disputes

relating to this Agreement, my compliance with this Agreement, and the Stipulated Protective Order, even if such disputes occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                  (Signature)


                                  _____
                                  (Printed Name)


                                  _____
                                  (City Where Sworn and Signed)