UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARIE FALCONE,
Plaintiff,
v.
NESTLE USA, INC.,
Defendant.

Case No.: 3:19-cv-723-L-DEB

**CLASS ACTION**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**[ECF No. 85]**

Pending before the Court in this putative consumer class action alleging deceptive product labeling is Defendant's motion to dismiss for failure to state a claim. (ECF no. 85). Plaintiff filed an opposition, and Defendant replied. (ECF Nos. 86 ("Opp'n"), 87 ("Reply").) The Court decides the motion on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendant's motion is denied.

## I. BACKGROUND

According to the operative complaint (ECF No. 78, Third Am. Class Action Compl. ("Compl.")), Defendant is the world's largest food company and is best known for its chocolate products. It purchases approximately 414,000 tons of cocoa annually.

Plaintiff regularly purchased Defendant's products such as semi-sweet morsels (regular and allergen free), mini semi-sweet morsels, dark chocolate morsels, milk chocolate morsels, mini marshmallows hot cocoa, rich milk chocolate hot cocoa, and

Nesquik. (Compl. ¶ 8.) Plaintiff claims the statements on product labels are deceptive because they falsely lead consumers to believe that the products were produced in accordance with environmentally and socially responsible standards. This includes such references as, for example, the "NESTLÉ® Cocoa Plan™," "UTZ Certified," "Certified through UTZ," "Sustainably Sourced," and statements purporting to "Support[] farmers for better chocolate" and "help improve the lives of cocoa farmers." (*Id.*)

Plaintiff includes photos of three of Defendant's products (rich milk hot cocoa, mini marshmallows hot cocoa, and Toll House morsels) as examples of the allegedly false statements presented on the packaging. (Compl. ¶¶ 19-20.) The hot cocoa products include the "NESTLÉ® Cocoa Plan™" seal and add immediately below: "Supporting farmers for better chocolate. The NESTLÉ® Cocoa Plan works with UTZ to help improve the lives of cocoa farmers and the quality of their products. www.nestlecocoaplan.com[.]" (¶19.) Both packages state that the products were made with "sustainably-sourced cocoa beans[.]" (*Id.*) The Toll House mini morsels package states on the front, "Sustainably Sourced Through NESTLÉ® Cocoa Plan™ Certified Through UTZ[.]" (*Id.* ¶20.) On the back it includes another "NESTLÉ® Cocoa Plan™" seal and adds a similar statement as the hot cocoa products: "Supporting farmers for better chocolate. The NESTLÉ® Cocoa Plan works with UTZ. Certified to help improve the lives of the cocoa farmers and the quality of their products. www.nestlecocoaplan.com[.]" (*Id.*)

According to Plaintiff, the labels are deceptive because Defendant sources its cocoa from West African plantations which rely on child labor and child slave labor, contribute to deforestation, and use other practices harmful to the environment. Plaintiff also claims that, according to Defendant's own statements, the child labor conditions have worsened rather than improved since the inception of the "NESTLÉ® Cocoa Plan."

Plaintiff claims she purchased Defendant's chocolate products in reliance on the social and environmental benefits prominently featured on the packaging and would not have purchased them had she known the representations were misleading. (Compl. ¶ 8.)

She alleges violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), on her own behalf as well as on behalf of a putative nationwide class. She seeks damages, restitution, disgorgement of profits, and injunctive relief. The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Defendant moves for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1] Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Generally, a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp.*, 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

[1] Unless otherwise noted, internal quotation marks, citations, ellipses, brackets, and footnotes are omitted from quotations.

Defendant moves to dismiss the Complaint arguing that as a matter of law its labeling is not deceptive. As a federal court sitting in diversity over Plaintiff's California state law claims, the Court applies substantive law of California, as interpreted by the California Supreme Court. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020).

The California consumer protection laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002). Whether a business practice is deceptive or misleading under the CLRA or UCL is governed by the reasonable consumer test. *Moore*, 966 F.3d at 1017 (applying Cal. law). In this regard, a plaintiff

> must show that members of the public are likely to be deceived. This requires more than a mere possibility that [the defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

*Id*.

Although "the primary evidence in a false advertising case is the advertising itself[,]" *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003), "whether a business practice is deceptive will usually be a question of fact not appropriate for decision at the pleading stage." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (2008); *Comm'te on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 211-15 (1983), *superseded by statute on other grounds, see Branick v. Downey Sav. & Loan Ass'n.*, 39 Cal.4th 235 (2006); *Linear Technol. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007).

Plaintiff claims Defendant's advertising statements, read in context, are deceptive in part because they suggest that the cocoa in Defendant's products was sourced in a way that supports and helps improve the lives of farmers, when it was sourced with child

labor, including child slavery and hazardous child labor. (Compl. ¶¶ 11-16.) Plaintiff alleges that incidence of child labor increased between 2009 and 2014 (*id.* ¶¶ 14-15) and since the inception of the "NESTLÉ® Cocoa Plan" (*id.* ¶ 13).[2] In support of the latter contention, Plaintiff included a chart from Defendant's website. (*Id.*)

Defendant requests the Court to consider the chart in the context of Defendant's website as it relates to the "NESTLÉ® Cocoa Plan." (ECF No. 85-1 ("Mot.") at 5; ECF 85-4 (Def's Ex. A).) On a Rule 12(b)(6) motion courts generally may not consider material outside the complaint without converting the motion to a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). An exception to this rule are materials incorporated by reference into the complaint. *Id.* Defendant claims that parts of its website are incorporated by inclusion of the chart.

> [I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims. [¶] Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim. [¶] For this same reason, what inferences a court may draw from an incorporated document should also be approached with caution. ... [Moreover,] it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.

*Khoja*, 899 F.3d at 1002-03. Defendant argues that its Exhibit A contradicts Plaintiff's contention that the child labor problem had grown more severe and instead shows that Defendant improved the lives of cocoa farmers, thus negating Plaintiff's claim of misleading advertising. Plaintiff does not object consideration of Exhibit A, but disputes

---

[2] The "NESTLÉ® Cocoa Plan" has been in operation at least since 2009. (*See* ECF 85-4 (Def's Ex. A) at 2-3.)

Defendant's argument and objects resolving disputed factual issues at the pleading stage. (*See* Opp'n at 23-25.) Accordingly, the Court refers to Defendant's exhibit to provide context for Plaintiff's allegations but does not assume the truth of the representations made therein to dispute factual allegations.

The exhibit states that the "NESTLÉ® Cocoa Plan" was created in 2009 "to make cocoa farming more sustainable [and] improve the lives of farmers[.]" (Def.'s Ex. A at 3.) At the same time, it admits that Defendant's cocoa is sourced through child labor, including "hazardous work." (*Id*.) It does not mention child slavery. (*See id.* at 1-16.) Defendant's effort consists of trying to track the number of children working on the cocoa farms, educating families "what children are not allowed to do and why[,]" providing "help as appropriate[,]" tracking "if the child has stopped doing *hazardous* work[,]" and "measur[ing] effectiveness, i.e., how many children have been prevented from entering child labor or stopped doing *hazardous* work." (*Id*. at 8-10 (emphases added).) The chart referenced in the Complaint and included in the exhibit shows that the "child labor rate" increased from 17% in 2017 to 23% in 2019. (*Id*. at 6.)

Defendant's exhibit does not support dismissal of the complaint. First, in addition to depicting Defendant's chart (Compl. ¶ 13), the Complaint includes specific allegations regarding child labor, including child slavery and hazardous child work, and cites third party sources in support of the contention that the incidence of child labor increased since 2009 (*id*. ¶¶ 11-12, 14-16). These specific allegations alone are sufficient to support Plaintiff's claim that Defendant's advertising message of sustainable cocoa production and support for cocoa farmers was misleading.

Second, even viewed in the context of Defendant's Exhibit A, Defendant's chart cited in the Complaint (Compl. ¶ 13) does not contradict Plaintiff's claim. Consistent

/ / / / /

with Plaintiff's other allegations, the chart states that the child labor rate increased. Defendant's exhibit does not contradict this expressly or implicitly.[3]

In light of the foregoing, Plaintiff has plausibly alleged that the challenged statements were deceptive.

## III. CONCLUSION

Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 13, 2023

Hon. M. James Lorenz
United States District Judge

[3] Even if Defendant's exhibit had cast doubt on the veracity or accuracy of Plaintiff's allegations, it would merely have highlighted a disputed issue of fact not suitable for resolution at the pleading stage.