UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE FALCONE,<br><br>                Plaintiff,<br><br>v.<br><br>NESTLÉ USA, INC.,<br><br>                Defendant. | Case No.: 19-cv-0723-L-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ISSUE LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION TO PERMIT THE TAKING OF EVIDENCE FROM NESTLÉ S.A.**<br><br>**[DKT. NO. 157]** |

Before the Court is Plaintiff Marie Falcone's Motion to Issue Letter of Request under the Hague Evidence Convention to Permit the Taking of Evidence from Nestlé S.A., the Swiss parent corporation of Defendant Nestlé USA, Inc. ("Nestlé USA"). Dkt. No. 157. Falcone seeks to obtain documents and deposition testimony. Dkt. No. 157-1 at 3. For the reasons discussed below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

In this certified class action, Falcone alleges: (1) Nestlé USA markets its products as produced "in accordance with environmentally and socially responsible practices"; and (2) Nestlé USA's representations are deceptive because Nestlé USA sourced its cocoa from West African farms that rely on child labor, including child slave labor, and contribute to

deforestation. Dkt. No. 78 at 2–3.[1] Falcone further alleges these deceptive marketing practices violate California state law. *Id.* at 3.

Falcone's Motion requests the Court issue a Letter of Request to the appropriate authority in Switzerland for: (1) document production by Nestlé S.A., a Swiss multinational corporation headquartered in Vevey, Switzerland and parent company of Defendant Nestlé USA; and (2) an oral examination of Darrell High, Nestlé S.A.'s Cocoa Plan Manager. Dkt. No. 157-1 at 3, 24, 46–49. Falcone seeks "documents and testimony related to Nestlé's internal Child Labor Monitoring and Remediation System and related to the external auditing and certification of the farms and cooperatives that source cocoa in Côte d'Ivoire for Nestlé and upon which Defendant Nestlé USA relied for its marketing claims of social and environmental responsibility." *Id.* at 3.

## II.     LEGAL STANDARD

A letter rogatory or letter of request is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." *Viasat, Inc. v. Space Sys./Loral, LLC*, No. 13-cv-2074-H-WVG, 2014 WL 12577593, at *2 (S.D. Cal. June 30, 2014).[2] A request may seek documents and depositions. *Crocs, Inc. v. La Modish Boutique*, No. 21-cv-5641-SVW-KKX, 2021 WL 5933147, at *2 (C.D. Cal. Nov. 12, 2021) (citations omitted); Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory[.]'").

Both the United States and Switzerland are signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a

---

[1] Dkt. No. 78 refers to the operative complaint.

[2] In 1993, the term "letter of request" was substituted for the term "letter rogatory" because it is the primary method provided by the Hague Convention. *Evanston Ins. Co. v. OEA, Inc.,* No. CIV S-02-1505-DFL-PAN, 2006 WL 1652315, at *1 n.2 (E.D. Cal. June 13, 2006).

2

tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781.[3]

Courts have inherent authority to issue letters rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). "Whether to issue such a letter is a matter of discretion for the court." *Barnes & Noble, Inc. v. LSI Corp.,* No. C 11-2709-EMC-LB, 2013 WL 812331, at *2(N.D. Cal. Mar. 5, 2013) (citation omitted); *see also MSK Covertech, Inc. v. Fevisa Indus., S.A. de C.V.*, No. 23-cv-0741-DMS-MSB, 2023 WL 4189654, at *1 (S.D. Cal. June 26, 2023) ("Courts exercise broad discretion to issue letters rogatory, including for purposes of discovery and service of process.") (citation omitted). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Barnes & Noble*, 2013 WL 812331, at *2.

"Generally, courts in the Ninth Circuit 'have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that the opposing party must show good reason for a court to deny an application for a letter rogatory.'" *WebPros Int'l, LLC v. Asli,* No. 3:22-cv-1963-IM, 2024 WL 3064985, at *2 (D. Or. June 20, 2024) (quoting *Zoho Corporation Pvt. Ltd v. Freshworks, Inc.*, 20-cv-1869-VC-TSH, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021)). "[D]iscovery by letters rogatory is consistent with the liberal discovery provisions of Rule 26. Rule 26 allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SA CV 19-0835-JVS-DFMx, 2020 WL 5900155, at *2 (C.D. Cal. Aug. 17, 2020) (internal quotations and citation omitted). "In determining whether to issue letters rogatory, courts consider whether the evidence can be obtained through other, less burdensome means, such as domestic discovery processes." *Id.*

---

[3] *See also* Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/full-text/?cid=82 (last accessed March 27, 2025).

### III. ANALYSIS

Falcone argues the requested discovery is relevant to the allegations in her Complaint and not available from Nestlé USA or other domestic sources.

Nestlé USA argues the Court should deny Falcone's Motion because it: (1) is "untimely"; (2) "seeks information of marginal importance"; (3) "contains overbroad requests that are not articulated with specificity"; and (4) "does not account for Switzerland's interests and procedures." Dkt. No. 160 at 4. The Court addresses each objection in turn.

### A. Timeliness

Nestlé USA argues Falcone's request is untimely because Falcone filed this Motion "more than a year after Nestlé USA informed Plaintiff's counsel that it did not have farm-level audit reports, and four months after filing for class certification." Dkt. No. 160 at 6. Nestlé USA further notes Falcone filed this motion nine months after learning non-party Rainforest Alliance also does not have the requested documents. *Id.* at 7.

Falcone counters she was "sufficiently diligent." Dkt. No. 161 at 4. Her attorneys reviewed Nestlé USA's "voluminous document production," which included over 74,000 pages of material, and intentionally pursued other discovery to ensure this letter of request is narrowly tailored and seeks "limited, merits-based discovery." *Id.* at 6. Falcone also argues her motion "was submitted well in advance of the discovery cut-off, providing ample time for execution of the letter of request." *Id.* at 5.

"Discovery requests must be made in a timely fashion." *Bishop v. Potter*, No. 2:08-cv-0726-RLH, 2010 WL 2775332, at *1 (D. Nev. July 14, 2010). In evaluating the timeliness of a letter rogatory, district courts in this Circuit have focused on the party's diligence, considering factors such as how far in advance of the discovery cutoff the request is made and how long a party waited before initiating the request. *See, e.g., Zoho Corporation Pvt. Ltd*, 2021 WL 2769009, at *3 (overruling defendant's objections that plaintiff was not diligent because it knew of the international discovery for twelve months and waited until less than three months before the fact discovery cutoff to move for letters

of request); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4954634, at *3 (N.D. Cal. Oct. 1, 2014) (considering a party's diligence in determining whether to issue letters rogatory).

The Court finds Falcone's Motion is timely. In addition to the structuring and ordering of discovery Falcone describes, she filed the Motion during a partial discovery stay that expressly permitted "international discovery from non-party Nestlé S.A." Dkt. No. 154 at 1.[4] Other litigation on the merits is presently on hold pending resolution of Nestlé USA's appeal of the Court's order granting class certification. Dkt. No. 179. It is, therefore, unlikely that the international discovery Falcone seeks will significantly delay resolution of this case.

### B. Importance of the Requests

Nestlé USA argues Falcone's Motion seeks information "not important to this case." Dkt. No. 160 at 9. Falcone contends the discovery requests are "directly relevant to [Falcone]'s showing that Nestlé USA's labeling practices were deceptive and violated California's CLRA and UCL." Dkt. No. 157-1 at 11.

"[D]iscovery by letters rogatory is consistent with the liberal discovery provisions of Rule 26. Rule 26 allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fisher & Paykel Healthcare Ltd.*, 2020 WL 5900155, at *2 (internal quotations and citation omitted). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted). Good cause exists to deny letters rogatory, however, where the information sought is unimportant to the litigation. *Rosales v. FlipFlop USA, LLC*, No. 11-cv-0973-W-KSC, 2013 WL 941729, at *2 (S.D. Cal. Mar. 11, 2013) ("[T]he importance to the litigation of the documents or other information requested" is a relevant

---

[4] When Falcone filed this Motion, the Court had partially stayed discovery pending a ruling on Falcone's Motion to Certify Class and extended the fact discovery cutoff by three months following a ruling on the class certification motion. Dkt. No. 154 at 1.

consideration in determining whether to issue letters rogatory.) (quoting *Seoul Semiconductor Co. Ltd. v. Nichia Corp.*, 590 F. Supp. 2d 832, 834 (E.D. Tex. 2008)).

Falcone's Motion makes a sufficient showing of relevance and importance. She alleges Nestlé USA advertises its Nestlé Cocoa Plan and UTZ certification to mislead consumers into believing its products are sustainably sourced when it knows otherwise. *See* Dkt. No. 78 at 7 ("Many of Nestlé's products prominently feature the logo of the Nestlé Cocoa Plan. Products advertised with the Nestlé Cocoa Plan seal are also accompanied by references to UTZ, a third-party certifier which holds itself out as the 'benchmark for the sustainable production of . . . cocoa.' UTZ certified products purportedly stand for ethical and sustainable farming, including better working conditions and better care for the natural environment. Placing these seals on the product next to the sustainability claims serves to reinforce the deception that the product being purchased is in fact a 'fair trade' or 'green' product."). Relating to this allegation, Falcone's letter request seeks farm audit reports and data and geodata risk maps issued or provided by different certification programs, including UTZ, from 2015 to the present for the farms from which Defendant sources its cocoa; and the underlying data referred to in the Nestlé Cocoa Plan's reports from 2015 to the present, including the Tackling Child Labour reports and related Progress Reports. Dkt. No. 157-1 at 48–49. The documents sought relate to Falcone's allegations and are directed to information important to resolution of this case.

Falcone also seeks testimony from Mr. High, Nestlé S.A.'s Cocoa Plan Manager, because he "is identified in documents produced by Nestlé USA as being directly involved in and having input in the creation, design, and development of the Nestlé Cocoa Plan." *Id.* at 10. This suffices to demonstrate the relevance and importance of his deposition.

### C. Scope and Specificity of the Requests

Nestlé USA argues Falcone's "requests are wildly overbroad on their face and their vague terms fall far short of 'the degree of specificity' required for a request under the Hague Convention." Dkt. No. 160 at 11. Falcone seeks four categories of documents and

one deposition on ten topics. Dkt. No. 157-1 at 46–49. These discovery requests are narrowly focused on whether Nestlé USA's sustainability representations are supported.

### D. Switzerland's Interests and Procedures

Nestlé USA argues Falcone's requests "would not likely be enforced in Switzerland" because they "have 'no direct and necessary link' to her false-labeling claims." Dkt. No. 160 at 12 (quoting *Champion v. Feld Ent., Inc.*, No. 20-cv-2400-JO-KSC, 2022 WL 1813608, at *3 (S.D. Cal. June 2, 2022)). Falcone contends her request is "fully consistent with demonstrating respect for Switzerland's sovereign interest, and Falcone's requests do have a 'direct and necessary link' to her claims." Dkt. No. 161 at 11.

The Court finds Falcone's requested documents and deposition testimony are directly linked to her claims, and the Court will not speculate how the Swiss authorities will respond. *See Barnes & Noble, Inc.*, 2013 WL 812331, at *2 ("When determining whether to exercise its discretion [to issue letters rogatory], a court will generally not . . . attempt to predict whether that evidence will actually be obtained.") (citations omitted).

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Falcone's Motion to Issue Letter of Request under the Hague Evidence Convention to Permit the Taking of Evidence from Nestle S.A. Dkt. No. 157. The Court will sign and affix its seal to the letter of request and enter it on the docket. Plaintiff's Counsel may obtain the certified letter from the Clerk of Court.

**IT IS SO ORDERED.**

Dated:  March 28, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge